PETER WOODRING, Appellee, v. J. H. ROMBERG, A. R. TORREY ET AL., Appellants.

**Intoxicating liquors:** ABATEMENT OF NUISANCE : EVIDENCE. In this action to abate a liquor nuisance the evidence is held sufficient to show that defendant, who held a permit under the mulct law, and his codefendant were partners in operating a saloon, and to justify a perpetual injunction against them.

*Appeal•from Fayette District Court.*—HON. A. N. HOBSON, Judge.

TUESDAY, APRIL 9, 1912.

SUIT in equity to enjoin and abate a liquor nuisance. The trial court by its decree dismissed the petition as against the defendant Romberg, the owner of the premises, but awarded perpetual injunction as against the other defendants, and they appeal.—*Affirmed.*

*W. B. Ingersoll,* for appellants.

*E. R. Acres,* for appellee.

EVANS, J.—The defendant A. R. Torrey was charged in the petition with the operation of a saloon in the city of Oelwein contrary to law. It is undisputed that the provisions of the mulct law were in force in the city of Oelwein, and that said defendant had complied with all the prerequisites thereof, and had obtained a permit in due form from the city council. The only question presented for our consideration on this appeal is one of fact. The trial court found, in effect, that the defendant A. R. Torrey and his brother, Frank Torrey, were in partnership in the operation of the saloon. This finding of fact is challenged by the appellant, and is submitted for our consideration.

The finding of the trial court was based wholly upon the testimony of A. R. Torrey himself, as contained in his deposition taken some fifteen days before the trial. At the time of this examination the plaintiff was attempting to prove by defendant Torrey that the defendant Rhomberg, or a brewing company with which he was connected, was interested in the ownership of the saloon. The examination failed in this respect. But the appellant testified incidentally in such examination as follows:

I do business with the Aetna Bank in Oelwein. I keep an account there in my brother's name. Q. Well, who writes out the checks, you or your brother? A. For what?

Q. For the payment of the rent. And do these checks come back as being indorsed? A. Yes, certainly; either one of us, signed by Mr. Rhomberg on the back. Q. What has your brother, F. Torrey to do with the business? A. What has he to do with it? Q. Yes, sir. A. Why, he is a partner. Q. How long has he been a partner? A. Of mine? Q. Yes, sir. A. Since last January. Q. Do you share in the profits? A. Yes, sir. Q. In case there is a loss, who has to stand that? A. Who has to stand that? Q. Yes, sir. A. Why, both stand it. Q. Both of you stand it? Now, isn't it a fact, Mr. Torrey, that you and your brother have been running the saloon for the Dubuque Star Brewing Company? A. Running it for them? 'Q. Yes, sir. A. No, sir; no, sir. Q. You handle their beer exclusively, do you not? A. Yes, sir. No; not altogether. We handle Budweiser in bottles. When the beer arrives in cars in Oelwein, we unload it and put it in the saloon—my brother and our help there. My brother, F. Torrey, is engaged. He tends bar there some. Engaged in the sale of this beer that comes from the Dubuque Star Brewing Company. I worked in the saloon business in Arlington before I came to Oelwein. When the beer arrives in cars at Oelwein, we unload it and put it in the saloon. Q. Who does that? A. I am one of them that does it. Q. And who else? A. Why, my brother and our help there.

At the trial the plaintiff introduced such deposition in evidence. On behalf of the defendant, the brother, Frank Torrey, denied the partnership, and this appellant, A. R. Torrey, testified to the same effect as his brother. He explained his former testimony by saying that he had reference only to a partnership in the funds and in the ownership of certain horses. The testimony as given in the deposition was a very solemn admission, made at a time when the significance of the testimony was not altogether apparent. The explanation given at the trial does not fairly dispose of such former testimony. The truth of this admission is somewhat confirmed by other circumstances. Two saloons were in operation in the city of Oelwein under the name of A. R. Torrey and under his permit. One of

them was in the immediate charge of his brother, Frank
Torrey, as purported barkeeper.  Only one account was
kept at the bank for both saloons, and that was in the name
of the brother.  Both brothers drew checks on such account
in the conduct of both saloons. We think, also, that in the
deposition referred to A. R. Torrey testified unequivocally
to the existence of the partnership.

The trial court was therefore justified in its finding of
fact on that question, and its decree must be *affirmed*.